IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EUGENE H. IRVING**   **PLAINTIFF**

**V.**   **NO. 4:20-CV-80-DMB-RP**

**WILCO LIFE INSURANCE COMPANY**   **DEFENDANT**

## ORDER

On January 20, 2021, Eugene H. Irving and Wilco Life Insurance Company filed a joint motion to seal Irving's memorandum opposing Wilco's motion for summary judgment. Doc. #42. The motion represents that Irving's counsel "inadvertently included one page of a document marked confidential pursuant to the Protective Order previously entered," and requests that the memorandum "be sealed from public access only … as the information is necessary for prosecuting, defending, and settling this litigation." *Id.* (internal record cite omitted). Because Irving's memorandum opposing Wilco's motion for summary judgment violated the Court's Local Rules, the Court struck the memorandum but permitted Irving to file a redacted version of the memorandum or a supplement to the joint motion to seal addressing why the entire memorandum should be sealed under Local Rule 79. Doc. #43 at 2. As either option would affect the outcome of the joint motion to seal, the Court deferred ruling on the motion to seal. *Id.*

On January 29, 2021, Irving filed a redacted memorandum opposing Wilco's motion for summary judgment. Doc. #44. But because a stricken document still remains a part of the public record, the issue of sealing the stricken memorandum remains. And because the parties have not yet shown a sufficient basis to seal from the public the redacted portion of the memorandum, the issue of allowing the redacted portion to stand also remains.

Pursuant to Local Rule 79,[1] "[a]ny motion to seal must be accompanied by a non-confidential supporting memorandum," which must include a statement of why sealing is necessary, why another procedure is insufficient, and references to governing case law. L.U. Civ. R. 79(e)(3). Because the parties have not complied with these requirements, their motion to seal [42] is **DENIED without prejudice**.[2] However, within fourteen (14) days of this order, the parties may refile the motion to seal the stricken memorandum and to justify the redaction of the memorandum. If refiled, the motion must comply with the Local Rules.

**SO ORDERED**, this 23rd day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The protective order the parties reference in the motion to seal incorporates the requirements of Local Rule 79. *See* Doc. #25 at 8.

[2] The Clerk of Court temporarily restricted access to the stricken memorandum pending the outcome of the motion to seal. The stricken memorandum shall remain under restricted access until further order of this Court.